Keith P. AYERS, Appellant,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Appellee (2 cases).

Nos. 19851, 19852.

United States Court of Appeals, Eighth Circuit.

Sept. 9, 1970.

written therein, Dantoni v. Board of Levee Commissioners (La., 1955) 80 So.2d 81.

Keith P. Ayers, filed brief pro se.

Calvin K. Hamilton, U. S. Atty. (former), Kansas City, Mo., and Frederick O. Griffin, Jr., Asst. U. S. Atty., filed brief for appellee.

Before MEHAFFY, HEANEY and BRIGHT, Circuit Judges.

MEHAFFY, Circuit Judge.

Keith P. Ayers, petitioner, at the time of institution of separate habeas corpus actions, was confined in the United States Medical Center for Federal Prisoners, Springfield, Missouri. In his petitions he made no attack on the legality of his confinement but attacked the conditions of his confinement. Both petitions for habeas relief complain of petitioner's punishment for his activities in rendering legal assistance without charge to other inmates of the Medical Center. An evidentiary hearing was held and the district court entered an interlocutory order finding that the preliminary legal assistance program at the Medical Center was not adequate in light of the teachings of Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The district court ordered respondent to restore petitioner's good time, to cease and desist from incompleted punishment of petitioner, and to show cause on or before March 28, 1969 why the Medical Center should not be enjoined from enforcing the regulation forbidding inmate legal assistance under which petitioner was punished. Subsequently, the court found that Johnson v. Avery had been complied with and refused to permanently enjoin the Medical Center from enforcement of its regulation prohibiting legal assistance by inmates to other inmates. The district court's memorandum and order is published as Ayers v. Ciccone, 303 F.Supp. 637 (W.D.Mo.1969).

On January 27, 1970 respondent filed in this court a motion to dismiss on the ground that the appeal is moot in view of petitioner's prior release. We grant this motion for the reasons hereinafter stated.

The district court noted in its memorandum that petitioner had been accorded all appropriate relief, that in addition to the program of student assistance offered by the University of Missouri Law School which had previously been in force a Springfield attorney had been employed as a consultant to render preliminary legal assistance to inmates at the Medical Center, that he would probably devote twelve hours a week to this task, and that a combination of this assistance would reasonably comply with Johnson v. Avery, *supra*.

Petitioner does not attack the validity of his sentence, but in his brief before this court he makes certain allegations attempting to prove that the legal assistance program has been proven inadequate. The program, however, was instituted at approximately the same time as the entry of the final judgment and these matters were not presented to the district court, do not comprise a part of the record evidence and are not properly before this court. Ford v. Boeger,

362 F.2d 999, 1006, 1007 (8th Cir. 1966), cert. denied, 386 U.S. 914, 87 S.Ct. 857, 17 L.Ed.2d 787 (1967).

 As hereinbefore noted, respondent filed a motion to dismiss on January 27, 1970, asserting that the case is now moot. It is set forth in supporting information that petitioner had been released by the Medical Center to the District of Kentucky to remain under the supervision of the Chief Parole Officer there until January 13, 1970. There has been no response to the motion, and thus in its present stage petitioner has completely served his sentence and his parole time has expired.

In Parker v. Ellis, 362 U.S. 574, 80 S. Ct. 909, 4 L.Ed.2d 963 (1960), the Supreme Court held that upon petitioner's unconditional release the case became moot and the court could not proceed to adjudicate the merits of the claim for relief on his petition for habeas corpus. This decision, however, was overruled in Carafas v. LaVallee, 391 U.S. 234, 237–239, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), the Court stating that if petitioner had a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him, the case is not moot. Similarly, the Supreme Court in an analogous situation in Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), said that there is the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.

We think both of the Supreme Court cases mentioned are readily distinguishable from the case at bar where petitioner is not attacking the validity of his conviction, but merely the legality of the conditions imposed upon him during confinement which no longer apply to him since his unconditional release. He has no substantial stake in the judgment which would bring this action within the purview of the *Carafas* and *Sibron* cases. There is no way that petitioner can be affected by any injunction that might issue except upon receiving another conviction and being returned to the same institution which is too unlikely an event to form a basis for this court to pass on the substantive issue regarding the validity of the new regulation now in effect at the Missouri institution. See Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed. 2d 214 (1969).

While we base our conclusion here on the mootness question, we observe in passing that we have canvassed the entire record before us and would be in any event compelled to affirm.

For the reasons above stated, this appeal is dismissed as being moot. It is so ordered.