**Leo DURAN, Plaintiff and Appellant,**

v.

**Lawrence MORRIS, Warden, Utah State Prison, Defendant and Respondent.**

**No. 16871.**

Supreme Court of Utah.

July 21, 1981.

---

Doug Wahlquist, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Robert N. Parrish, Salt Lake City, for defendant and respondent.

OAKS, Justice:

Appellant, an inmate in the Utah State Prison, petitioned the district court for a writ of habeas corpus, claiming that prison officials violated his constitutional rights by temporarily placing him in administrative segregation. We hold that appellant's petition is now moot.

On June 27, 1979, appellant was administratively segregated and transferred from Medium Security to Maximum Security pending an investigation of his alleged involvement in a stabbing incident. On September 18, 1979, nearly twelve weeks after his segregation, the prison authorities finally held a disciplinary hearing, at which appellant was found guilty of participation in the stabbing incident and his classification was reduced to Maximum Security. On December 19, 1979, the district court denied appellant's petition for a writ of habeas corpus, and this appeal was taken from that action.

Prisoners are not "wholly stripped" of their constitutional rights even in their incarcerated state. *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). See, e. g., *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Lee v. Washington*, 390

U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968). In particular, the Fourteenth Amendment to the United States Constitution protects prisoners against the deprivation of liberty without due process of law. *Wolff v. McDonnell, supra.* Appellant claims a liberty interest in the protections of certain prison regulations, and contends that prison officials' violation of those regulations deprived him of that liberty without due process of law. He argues in his brief that he "should be immediately released from maximum security and returned to his former custody." However, it appears from the briefs filed in this Court that appellant was in fact returned to Medium Security on March 17, 1980. We are thus presented at the threshold with the question of the mootness of this appeal.

■ If the requested judicial relief cannot affect the rights of the litigants, the case is moot and a court will normally refrain from adjudicating it on the merits. *Hoyle v. Monson,* Utah, 606 P.2d 240 (1980); *Johnson v. Ricketts,* 233 Ga. 438, 211 S.E.2d 732, 733 (1975); *Yates v. Easley,* 110 R.I. 425, 293 A.2d 511 (1972). See also, *University of Utah v. Industrial Commission,* 64 Utah 273, 276, 229 P. 1103, 1104 (1924). Recent federal precedents have carefully delineated the mootness principle. Although based on a constitutional provision not directly applicable to the states,[1] these precedents are nevertheless valuable in analyzing an issue of mootness.

■ While it was once held that an attempted review of a criminal conviction by a writ of habeas corpus became moot when the petitioner was released from custody, *Parker v. Ellis,* 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960), it is now clearly established that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York,* 392 U.S. 40, 57, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968). Such collateral legal

consequences may include the use of the conviction to impeach the petitioner's character or as a factor in determining a sentence in a future trial, as well as the petitioner's inability to vote, engage in certain businesses, or serve on a jury. *Sibron v. New York, supra; Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). Conversely, where it can be shown that no adverse collateral consequences will follow a failure to rule on a habeas corpus challenge to a sentence now served, the case may be dismissed as moot. *North Carolina v. Rice,* 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971).

Intraprison administrative decisions such as the one before us entail no collateral legal consequences of the kind that result from a criminal conviction. For example, in a case where the habeas corpus petitioner was "not attacking the validity of his conviction," but merely the administrative treatment he had received during a confinement from which he had already been released, a federal court dismissed the appeal as moot, declaring: "He has no substantial stake in the judgment which would bring this action within the purview of the *Carafas* and *Sibron* cases." *Ayers v. Ciccone,* 431 F.2d 724, 726 (8th Cir. 1970). This principle was likewise applied to a transfer from one penal facility to another in *Harper v. Ciccone,* 434 F.2d 247 (8th Cir. 1970), where the court dismissed an appeal in a habeas corpus case, holding that petitioner's claim "has been mooted because he is now where he claims he should have been during his period of confinement in the Federal Medical Center." *Id.* at 248. See also, *Anderson v. Patterson,* 166 Colo. 95, 441 P.2d 676 (1968).

Because appellant is no longer confined in the Maximum Security detention from which he asks to be freed, and because there are no collateral legal consequences attending appellant's temporary confinement, his appeal must be dismissed as moot unless it can be shown to fit within a recognized exception to the mootness principle.

1. United States Constitution, Article III. See *DeFunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974). See generally, Note, "The Mootness Doctrine in the Supreme Court," 88 Harv.L.Rev. 373 (1974).

The mootness principle is not absolute. Occasionally a case, though technically moot, will present circumstances so compelling that an exception is made to permit it to be heard on the merits. We recently stated in *Wickham v. Fisher,* Utah, 629 P.2d 896 (1981):

> The principles that determine the justiciability of the instant case are the well-established rules which permit a court to litigate an issue which, although technically moot as to a particular litigant at the time of appeal, is of wide concern, affects the public interest, is likely to recur in a similar manner, and, because of the brief time any one person is affected, would otherwise likely escape judicial review, . . .

In that case, the petitioner complained of inhuman living conditions in the Weber County Jail, where he had been detained prior to trial. We decided the case on its merits.

In this case, appellant complains not about the quality of living conditions affecting many prisoners, as in *Wickham v. Fisher, supra,* but about the procedural mechanism by which one prisoner was transferred to a security classification admittedly unobjectionable for those properly transferred. Furthermore, it is unclear whether the acts complained of violated the prison regulations then in force and now superceded or the new regulations adopted after appellant's return to Medium Security and therefore inapplicable to his case. In either event, appellant's challenge does not present the circumstances we outlined in *Wickham v. Fisher, supra,* as typical of cases for which an exception to the mootness doctrine ought to be made.

The case before us being moot, and not presenting the exceptional circumstances that could avoid the consequences of mootness, it must be dismissed. *So ordered.*

HALL, C. J., and STEWART, and HOWE, JJ., concur.

MAUGHAN, J., heard the arguments, but died before the opinion was filed.