**Hal M. CULLIMORE, Plaintiff and Appellant,**

v.

**Fred C. SCHWENDIMAN, Director, Driver License Division, Department of Public Safety, State of Utah, Defendant and Respondent.**

No. 17749.

Supreme Court of Utah.

July 30, 1982.

Ronald J. Yengich of O'Connell & Yengich, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

OAKS, Justice:

This appeal from the revocation of a driver's license pursuant to Utah's implied consent law, U.C.A., 1953, § 41–6–44.10, is now moot.

After being arrested for driving under the influence of alcohol, appellant refused to submit to a breathalyzer test when re-

quested by the arresting officer. Utah's implied consent statute provides that the Department of Public Safety "shall revoke for one year" the driver's license of any driver who refuses to submit to such a chemical test. § 41–6–44.10(b). After determining in a hearing that appellant refused the breathalyzer test, the Department issued a revocation order. Appellant demanded a trial *de novo* in the district court, as was his right under this statute. *Pledger v. Cox,* Utah, 626 P.2d 415 (1981). After trial, the district court ordered "[t]hat the petitioner's driving privileges be revoked pursuant to Utah Code Ann. § 41–6–44.10 (1953), as amended."

On appeal, appellant challenges the district court's order on the ground that the arresting officer did not clearly and unequivocally explain that the rights mentioned in the Miranda warning (which was properly given) do not protect a driver against the civil sanction of license revocation if he fails to submit to the breathalyzer test. *See Holman v. Cox,* Utah, 598 P.2d 1331 (1979). Appellant claims this alleged omission invalidates his refusal to submit to the test.

 The district court's order imposing a one-year revocation of appellant's driver's license was entered on May 14, 1981, over one year ago. Unless that order was stayed, appellant is presently eligible to receive a driver's license. The record contains neither a supersedeas bond nor any other entry suggesting that the order of the district court has been stayed. Merely bringing an appeal does not stay the effect of a court order. *Plutus Mining Co. v. Orme,* 76 Utah 286, 297–98, 289 P. 132, 136–37 (1930). We must therefore conclude that the one-year revocation period has already expired, and that, since "the requested judicial relief cannot affect the rights of the litigants, the case is moot . . . ." *Duran v. Morris,* Utah, 635 P.2d 43, 45 (1981). We have not been made aware of any "collateral legal consequences" that might avert this conclusion. *Id.; Sibron v. New York,* 392 U.S. 40, 57, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968).

Where a case has become moot and the order of the district court could affect "subsequent proceedings or rights of the parties," we vacate the order and remand the case with instructions to dismiss. *Merhish v. H.A. Folsom & Associates,* Utah, 646 P.2d 731, 733 (1982). Since there seems to be no such possibility here, it is appropriate for us merely to dismiss the appeal.

*So ordered.* No costs awarded.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.