Homer E. BLACK and Maxine M. Black, Plaintiffs and Respondents,

v.

ALPHA FINANCIAL CORPORATION, a Utah corporation, Defendant and Appellant.

No. 17537.

Supreme Court of Utah.

Oct. 6, 1982.

Thomas R. Blonquist, Salt Lake City, for defendant and appellant.

Richard H. Thornley, Odgen, for plaintiffs and respondents.

HOWE, Justice:

This is an appeal from a judgment forfeiting the buyer's interest in a real estate contract and restoring the sellers to possession of the property.

Plaintiffs (sellers) entered into a Uniform Real Estate Contract with defendant (buyer) for the sale and purchase of a shopping center in Davis County, Utah. The contract provided for a down payment and monthly installments over the life of the contract. After paying on the contract for over 2 years, the buyer became delinquent in its payments and the sellers served upon it a written notice pursuant to paragraph 16(a) of the contract, giving the buyer 5 days to bring the payments current or to suffer a forfeiture of all payments made to date on the contract, as well as repossession of the premises by the seller. The buyer did not cure the default to the satisfaction of the sellers and this action was instituted. Following a trial in the court below, sellers were awarded a judgment forfeiting the buyer's interest in the contract and restoring possession of the real property to the sellers; this was subject, however, to the right of the buyer to remedy its default and prevent forfeiture and repossession by paying to the sellers within 30 days the entire unpaid balance of the contract, together with all accrued interest, attorney's fees and court costs.

The buyer availed itself of the opportunity afforded by the trial court and paid the balance of the contract and received a conveyance of the property. Buyer brings this appeal contending that sellers did not afford him proper notice of the forfeiture, that sellers waived their right to claim a forfeiture, that the court improperly dismissed one of the buyer's affirmative defenses, and that the sellers did not sustain their burden of proof at the trial.

■ We are unable to consider any of these contentions on their merits because the case has been rendered moot by the action of the buyer in paying the sellers the balance of the purchase price. The sellers no longer have any interest in the property. The buyer is the owner. Even if we were to agree with one or more of the buyer's contentions, there is no relief that we could afford the buyer since he has paid the full purchase price and completely extinguished the sellers' interest in the property. We cannot revive the contract and reinstate the parties to their original positions. At the time the judgment below was entered, the buyer, without complying with the judgment, could have brought an appeal to this Court after posting any necessary supersedeas bond. Had that been done, the controversy between the parties would still be alive on appeal. Since the buyer did not take that route but instead paid the contract balance and received a conveyance of the property, all controversy between the parties was settled and mooted. Judicial policy dictates against our rendering an ad-

visory opinion. *Hoyle v. Monson,* Utah, 606 P.2d 240 (1980); *Baird v. State,* Utah, 574 P.2d 713 (1978); *State v. Stromquist,* Utah, 639 P.2d 171 (1981). We recently stated in *Duran v. Morris,* Utah, 635 P.2d 43, 45 (1981) "If the requested judicial relief cannot affect the rights of the litigants, the case is moot and a court will normally refrain from adjudicating it on the merits." See also *Spain v. Stewart,* Utah, 639 P.2d 166 (1981) and *Merhish v. Folsom,* Utah, 646 P.2d 731 (1982) to the same effect.

The appeal is dismissed. No costs are awarded.

HALL, C.J., and OAKS and DURHAM, JJ., concur.

STEWART, J., dissents.