Bruce P. JONES, Plaintiff,

v.

Fred C. SCHWENDIMAN, Chief of Driver License Services, Department of Public Safety for the State of Utah, Defendant.

No. 20635.

Supreme Court of Utah.

June 27, 1986.

---

1. *State v. Howell,* 649 P.2d 91 (Utah 1982).

2. *State v. Griffin,* 685 P.2d 546 (Utah 1984).

Stephen R. McCaughey, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendant.

PER CURIAM:

Plaintiff Jones appeals the revocation of his driver's license and requests that this Court order reinstatement of his driving privileges.

Defendant revoked plaintiff's license under Utah's implied consent statute, U.C.A., 1953, § 41–6–44.10. After a trial de novo in district court, plaintiff's license was revoked as of May 6, 1985, for a period of one year.

■ On appeal, plaintiff argues that he was not properly requested to submit to a chemical test since the arresting officer did not see plaintiff driving the automobile. The test is whether the arresting officer had reasonable grounds to believe that plaintiff was in control of a vehicle while under the influence of alcohol. *See Ballard v. State, Motor Vehicle Division*, 595 P.2d 1302 (Utah 1979). Although it does appear that there were reasonable grounds for the officer to believe that the plaintiff in the instant case was in control of the vehicle, we do not reach the question because the case is now moot.

■ This Court has held that a case is moot where the requested judicial relief cannot affect the rights of the litigants. *Black v. Alpha Financial Corp.*, 656 P.2d 409 (Utah 1982), and cases cited therein. In the present appeal, plaintiff requests only that his driver's license be reinstated. The revocation was for one year, which period expired on May 6, 1986, and there is nothing in the record to indicate any stay of that order during the appeal period.[1] Because the order of revocation has now expired by its own terms, we refrain from adjudicating the merits of the issues raised.

The appeal is dismissed. No costs awarded.

1. The record in the instant case was filed with this Court on June 4, 1986. It does not contain a district court order of stay of judgment pending appeal, and no such order has been sought in this Court. *See* Utah R.App.P. 8. The only reference by the parties to the date of expiration of the revocation order is contained in defendant's brief, where it is stated that the order "would expire on May 6, 1986."