Willis C. **GABBARD, Plaintiff and Appellant,**

v.

David A. **BEACH, Bureau Chief, Driver License Services, Defendant and Respondent.**

No. 860308–CA.

Court of Appeals of Utah.

May 7, 1987.

Loni F. DeLand, McRae & DeLand, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Bruce Hale, Asst. Atty. Gen., for defendant and respondent.

Before GARFF, GREENWOOD and BENCH, JJ.

## MEMORANDUM OF DECISION

BENCH, Judge:

Plaintiff Gabbard appeals the ninety day suspension of his driver's license and requests this Court to order defendant to reinstate his driving privileges.

Plaintiff was arrested for driving under the influence of alcohol in violation of Utah Code Ann. § 41–6–44 (1983). After a hearing before an examiner, defendant ordered the suspension of plaintiff's license for ninety days effective March 24, 1985, pursuant to Utah Code Ann. § 41–2–19.6 (1983). On April 8, 1985, plaintiff filed a petition for a hearing before the Third District Court. Plaintiff also, on April 26, filed a motion for a temporary restraining order. The court granted plaintiff's motion prohibiting the suspension until a hearing scheduled for May 21, 1985. After reviewing the transcript of the departmental hearing and all pertinent documents, the court, on July 1, 1985, sustained the decision of the hearing examiner and ordered plaintiff's driving privileges suspended accordingly.

On appeal, plaintiff requests only that the suspension be revoked and his driving privileges reinstated. The Utah Supreme Court has held "a case is moot where the requested judicial relief cannot affect the rights of the litigants." *Jones v. Schwendiman,* 721 P.2d 893, 894 (Utah 1986). The record on appeal was filed on June 18, 1986. No district court order of stay of judgment pending appeal appears in the record, nor has any such order been requested of this court. *See* R. Utah Ct.App. 8. The ninety day suspension of plaintiff's license expired, at the latest, ninety days after the order of the trial court, or October 1, 1985. "Because the order of [suspension] has now expired by its own terms, we refrain from adjudicating the merits of the issues raised." *Jones,* 721 P.2d at 894.

On grounds of mootness, the appeal is dismissed.

GARFF and GREENWOOD, JJ., concur.