**Vicki MOON, Plaintiff and Appellant,**

v.

**Fred C. SCHWENDIMAN, in his official capacity, as Director of the Office of Driver License Services of the State of Utah, and the Office of Driver License Services of the State of Utah, Defendants and Respondents.**

No. 860080–CA.

Court of Appeals of Utah.

Aug. 10, 1987.

Rehearing Denied Aug. 28, 1987.

---

Walter F. Bugden, Jr., Bugden, Collins & Keller, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, State Atty. Gen., Bruce Hale, Asst. Atty. Gen., for defendants and respondents.

Before GREENWOOD, BENCH and GARFF, JJ.

## OPINION

GREENWOOD, Judge:

Vicki G. Moon appeals the suspension of her driver's license and the district court's affirmance of the suspension. Appellant's request to have her license reinstated pending this appeal was denied and her license was suspended for ninety days. Appellant seeks reversal of the ninety day suspension of her license.

Preliminarily we must determine whether mootness precludes deciding the issues raised by appellant in this case. In several recent Utah cases, this Court and the Utah Supreme Court have discussed the issue of mootness in the context of driver license suspensions. *Gabbard v. Beach*, 736 P.2d 1047 (Utah App.1987); *Kehl v. Schwendiman*, 735 P.2d 413 (Utah App.1987); *Jones v. Schwendiman*, 721 P.2d 893 (Utah 1986); *Cullimore v. Schwendiman*, 652 P.2d 915 (Utah 1982).

In *Cullimore* and *Jones*, the Utah Supreme Court refrained from determining the legality of license revocations because the revocation periods had expired by their own terms. However, in *Kehl* this Court accepted jurisdiction in an appeal initiated by the Department of Public Safety stating "this case presents an issue that affects the public interest, is likely to recur, and because of the brief time anyone is affected is capable of evading review." *Kehl*, 735 P.2d at 416. This Court then examined and opined on the issues raised. Subsequently, in *Gabbard v. Beach*, 736 P.2d at 1031, this Court dismissed, on mootness grounds, an appeal from the ninety day suspension of a driver's license because the suspension order had expired.

In this case, appellant's license suspension has expired by its own terms and the requested judicial relief cannot affect appellant's rights. Furthermore, this case does not present issues which persuade us to accept jurisdiction.

The appeal is dismissed on grounds of mootness.

BENCH and GARFF, JJ., concur.