William M. **BURKETT**, Plaintiff and Appellant,

v.

Fred C. **SCHWENDIMAN**, Chief, Driver's License Services, Utah Department of Public Safety, Defendant and Appellee.

No. 19965.

Supreme Court of Utah.

April 20, 1989.

Robert M. McRae, Vernal, for plaintiff and appellant.

R. Paul Van Dam, Bruce M. Hale, Salt Lake City, for defendant and appellee.

## MEMORANDUM OF DECISION

ZIMMERMAN, Justice:

Plaintiff William M. Burkett appeals from a trial court decision revoking his driver's license pursuant to Utah's implied consent statute. Utah Code Ann. § 41–6–44.10 (Supp.1983) (amended 1987 & 1988). Burkett claims that the trial court erred in finding that the Utah Department of Public Safety complied with the requirements of the Code in initiating the driver's license revocation proceedings. We dismiss the appeal.

We need only summarize the facts. On November 25, 1983, Uintah County Deputy Sheriff Ted Freestone and three back-up officers arrested Burkett for driving under the influence of alcohol, a violation of section 41–6–44 of the Code. Utah Code Ann. § 41–6–44 (Supp.1983). Burkett was taken to the Uintah County Jail, where Trooper Gary Cutler attempted to test Burkett's blood alcohol content. Burkett refused to submit to the test, in spite of Cutler's warnings that such refusal would result in the revocation of Burkett's driver's license for one year. Utah Code Ann. § 41–6–44.10 (Supp.1983). Cutler then filled out the "DUI Report Form" required by section 41–6–44.10 of the Code and noted in the appropriate place that Burkett had refused to submit to a blood alcohol test. Cutler gave the form to Freestone and notified him that Burkett had refused to submit to a blood alcohol test. Freestone, the arresting officer, signed the form and swore to its correctness in the presence of a notary public. The language immediately preceding Freestone's signature on the form stated:

> I certify and swear that I am a sworn Utah peace officer and that I have prepared the above report form and that the information on the report form and the attached documents are true and correct to my knowledge and belief and that the report form was prepared in the regular course of my duties. It is my belief the subject was in violation of section 41–6–44 U.C.A. at the date, time and place specified in this report.

Burkett requested a revocation hearing before the Department of Public Safety ("the Department") as authorized by section 41–6–44.10 of the Code. At the hearing's conclusion, the hearing officer found that Freestone, the arresting officer, had reason to believe that Burkett was driving in violation of section 41–6–44 of the Code and that Burkett had been arrested and had refused to take the blood alcohol test required by section 41–6–44.10. Therefore, Burkett's driving privileges were revoked for one year. Burkett appealed the Department's decision, and a trial de novo was held by the district court. The court found

that the authorities properly requested Burkett to submit to a blood alcohol test as required by the Code but that he refused to do so. The court therefore concluded as a matter of law that Burkett's driving privileges should be revoked as of March 1984 for a period of one year.

On appeal, Burkett repeats claims made below, to wit: that even though Freestone signed the bottom of the DUI form and attested to its correctness before a notary public, the form was not the "sworn statement" required by the Code and case law for the Department to revoke a party's driving privileges.[1] He notes that Freestone was not the peace officer who attempted to administer the blood alcohol test and who noted, on the form, Burkett's refusal to submit to that test. In making this claim, he argues that the "sworn statement" required by the Code must be the legal equivalent of an affidavit and that it was not in this case. Therefore, Burkett reasons, the DUI report form failed to meet the strict truthfulness standards applicable to the "sworn report[s]" as required by decisions such as *Colman v. Schwendiman*, 680 P.2d 29 (Utah 1984), and therefore failed to vest jurisdiction in the Department to revoke his driver's license.

We refrain from adjudicating issues when the underlying case is moot. A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants. *See Jones v. Schwendiman*, 721 P.2d 893, 894 (Utah 1986); *Black v. Alpha Fin. Corp.*, 656 P.2d 409, 410–11 (Utah 1982). On occasion, we invoke an exception to the mootness doctrine, as when the case presents an issue that affects the public interest, is likely to recur, and because of the brief time that any one litigant is affected, is capable of evading review. *Wickham v. Fisher*, 629 P.2d 896, 899–900 (Utah 1981); *State v. Davis*, 721 P.2d 894, 895 (Utah 1986); *Kehl v. Schwendiman*, 735 P.2d 413, 415 (Utah Ct.App. 1987).

The record on appeal indicates that Burkett's driving privileges were revoked for one year, beginning in approximately March of 1984. On this appeal, Burkett only requests that we reverse the trial court's decision to revoke his license. Because there is nothing in the record to indicate a stay of the revocation order, the one-year revocation period has presumably expired by its own terms so that the requested judicial relief cannot affect Burkett's rights and the case is moot. This is not a case where it is appropriate to invoke an exception to the mootness doctrine. The issue raised in Burkett's appeal is not likely to recur because the legislature amended the implied consent statute in 1987 to delete the requirement of a "sworn statement" and to require only that the officer submit "a signed report" indicating that an arrested driver failed to submit to a blood alcohol test. Utah Code Ann. § 41–6–44.10(2)(a)(iii) (1988).

The appeal is dismissed.

HALL, C.J., HOWE, Associate C.J., DURHAM, J., and ORME, Court of Appeals Judge, concur.

STEWART, J., does not participate herein; ORME, Court of Appeals Judge, sat.

---

1. At the time of Burkett's arrest, Utah's implied consent statute provided that if a person refused to submit to a blood alcohol test after being arrested for violating section 41–6–44, "a peace officer shall submit a sworn report, within five days after the date of the arrest," in order to initiate license revocation proceedings by the Department of Public Safety. Utah Code Ann. § 41–6–44.10 (Supp.1983).