**Douglas M. PHILLIPS, Petitioner and Appellant,**

v.

**Fred SCHWENDIMAN, Chief, Driver's License Services, Utah Department of Public Safety, Respondent and Appellee.**

**Sherman L. RICHENS, Petitioner and Appellant,**

v.

**Fred C. SCHWENDIMAN, Chief, Driver's License Services, Utah Department of Public Safety, Respondent and Appellee.**

Nos. 890688–CA, 900041–CA.

Court of Appeals of Utah.

Nov. 21, 1990.

Robert M. McRae, Harry H. Souvall, Vernal, for petitioners and appellants.

R. Paul Van Dam, State Atty. Gen., Jean Hendrickson, Asst. Atty. Gen., Salt Lake City, for respondent and appellee.

Before GARFF, JACKSON and ORME, JJ.

## MEMORANDUM DECISION

GARFF, Judge:

Appellants Richens and Phillips each appeal the revocation of their driver's licenses in separate administrative proceedings below. Appellants' licenses were revoked by appellee, Driver's License Services, after respective hearings on appellants' refusals to take blood alcohol breath tests in separate arrests. In each case, the district court affirmed the revocation. Appellants separately appealed to this court, each requesting reversal of the revocation order.

After briefing and before oral argument, appellee moved for dismissal of the appeals because the revocation periods had expired and the appeals were therefore moot. Because the issues and the mootness arguments are the same, we consolidate the appeals in order to expedite their disposition. We grant appellee's motions to dismiss the appeals as moot because, in each case, the one-year license revocation period has expired by its own terms. *Burkett v. Schwendiman*, 773 P.2d 42 (Utah 1989) (defendant refused to take a blood alcohol test and the one year revocation period had expired so that the requested judicial relief, reversal of the revocation order could not affect his rights; therefore the case was moot).

We state briefly the facts in each case relevant to it becoming moot. Phillips was arrested on May 28, 1989 for driving while intoxicated. He refused the arresting officer's request to submit to a chemical breath test. Based upon that refusal, and pursuant to Utah Code Ann. § 41–6–44.10(2)(f) (Supp.1990), Phillips's license was revoked, beginning July 6, 1989, the date of his administrative hearing. On November 15, 1989, the district court denied Phillips's appeal and affirmed the revocation. According to appellee, by no later than September 2, 1990, Phillips was eligible to apply for reinstatement of his driving privileges.

Richens was arrested for driving while intoxicated on May 5, 1989. He likewise refused to take a chemical breath test after a request by the arresting officer. Richens's license was also revoked for one year after his administrative hearing on June 5, 1989. His revocation period has expired and, upon application, a new license has now been issued to him.

Appellants argue that, although section 41–6–44.10(2)(f) of the implied consent statute requires the revocation of their licenses for refusal to submit to a breath test, the officers' warning to them did not adequately advise them of the consequences of a refusal to submit to a test. Appellee replies that the warnings given to appellants assured them due process and fairly apprised them of the nature and consequence of their refusal to be tested.

We need not look at the substance of appellants' claims on appeal. As in *Burkett*, 773 P.2d at 44, and a long line of preceding cases [1], we refrain from adjudicating issues where the underlying case is moot. In the two appeals before us, each appellant has requested only that his revocation period be voided and his license reinstated.[2] The one-year revocation period

---

[1]. For cases where the issue of driver's license revocations is declared moot where revocation period expired, see *Jones v. Schwendiman*, 721 P.2d 893, 894 (Utah 1986); *Cullimore v. Schwendiman*, 652 P.2d 915 (Utah 1982); *Moon v. Schwendiman*, 740 P.2d 822 (Utah Ct.App.1987); *Gabbard v. Beach*, 736 P.2d 1047 (Utah Ct.App. 1987). *See also Black v. Alpha Fin. Corp.*, 656 P.2d 409, 410–11 (Utah 1982) (issue of forfeiture and restoration of real estate held moot where purchaser had paid the balance of the purchase price and received conveyance of the property); *Duran v. Morris*, 635 P.2d 43, 45 (Utah 1981) (habeas corpus petition for unconstitutional administrative segregation moot where prisoner released from segregation with no undue effects). *But see Kehl v. Schwendiman*, 735 P.2d 413, 415 (Utah Ct.App.1987) (although the appeal was moot, case presented issue significantly affecting public interest and capable of evading future appellate review).

[2]. It appears that if this court were to reverse the district court and order reinstatement of appellants' driving privileges, appellants could each be spared seventy-five dollars of new license fees under Utah Code Ann. § 41–2–130(8)(a) (Supp.1990). However, we consider this indirect consequence to be not of sufficient significance so as to avoid mootness.

commenced July 7, 1989, in Phillips's case, and June 6, 1989, in Richens's case. Both revocation periods have now expired. Any opinion issued by this court would have no practical or significant legal effect upon the validity of the revocations or upon appellants' legal rights.

An appeal is moot when the present controversy between the parties is ended and "the requested judicial relief cannot affect the rights of the litigants." *Burkett,* 773 P.2d at 44. *See also Duran v. Morris,* 635 P.2d 43, 45 (Utah 1981). In such a circumstance, "[j]udicial policy dictates against our rendering an advisory opinion." *Black v. Alpha Fin. Corp.,* 656 P.2d 409, 410–11 (Utah 1982). Utah courts have consistently refused to hear the merits of driver's license revocation appeals rendered moot because the revocation period has expired.[3]

■ Appellants claim that their administrative revocations are not moot because "additional insurance premiums and other increased monetary losses will result, due to the fact that the … revocation remains on … [the] motor vehicle record for several years." This contention is completely unsupported by any fact or authority other than appellants' averment.

A general averment, unsupported by the record, that appellants may suffer economic inconvenience or expenses resulting from the suspensions of their driver's licenses does not demonstrate a collateral consequence that is imposed by law because of the administrative action. *Sibron v. New York,* 392 U.S. 40, 57–58, 88 S.Ct. 1889, 1899–1900, 20 L.Ed.2d 917 (1968) (involving a criminal action); *cf. Board of License Comm'rs of Town of Tiverton v. Pastore,* 469 U.S. 238, 105 S.Ct. 685, 83 L.Ed.2d 618 (1985) (per curiam) ("speculative contingencies" afford no basis to pass on the merits when the issue of the validity of the administrative license is moot). Appellants do not demonstrate any consequence that affects a legal right beyond the revocation period. *Gonzales v. Dept. of Revenue,* 11 Kan.App.2d 70, 713 P.2d 489, 490 (1986). They do not cite any authority for the proposition that peripheral, speculative economic losses are a legal consequence of the revocations. Insofar as we are able to determine in this case, the one-year revocation for refusing an alcohol breath test is the only legal consequence imposed after an administrative determination of the refusal.

■ Further, revocation of a driver's license is an administrative action, not a criminal one. The potential consequences of a criminal conviction do not apply here. *See e.g. Carafas v. LaVallee,* 391 U.S. 234, 237–38, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968) (a criminal conviction may affect the right to vote, to serve on a jury, or to pursue one's profession); *In Re Giles,* 657 P.2d 285, 287 (Utah 1982) (civil psychiatric commitment may be used as character evidence or to impeach credibility).

## CONCLUSION

The only issue before this court is the status of appellants' license revocations, which are no longer in effect. No cognizable collateral consequences have been legally imposed on appellants because of the now-expired revocations. Appellants do not persuade us that their appeals should be distinguished from *Burkett.* The expiration of appellants' revocation periods has mooted their appeals, and the issue raised is not of sufficient public interest that we should hear its merits.

The appeals are each dismissed.

JACKSON, J., concurs.

ORME, Judge (concurring):

I concur in the court's opinion, with one caveat. My concern focuses on the exception to the mootness doctrine which permits reaching the merits of a technically moot case where the issue presented is likely to recur but evade appellate review and where the issue is of significant public interest. *See generally Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Kehl v. Schwendiman,* 735 P.2d 413, 415 (Utah Ct.App.1987).

**3.** *See* cases cited *supra* note 1.

While I agree the instant cases are moot, the issue they raise, the sufficiency of the warnings offered by officers who seek to administer breathalyzer tests, is of considerable public interest. However, the other requirement for deciding a moot case—whether the matter is one otherwise likely to evade appellate review—has not been shown. I believe a case posing the same issue could properly come before us in the context of a case where the revocation was still in effect. In this regard, it is noteworthy that *Kehl* involved only a ninety-day suspension, *see* 735 P.2d at 415, while these cases involve a one-year revocation. It seems to me that with full use made of such devices as summary judgment at the district court and expedited briefing or summary disposition at this court, a case on the "fast track" could find its way to a panel of this court while a one-year revocation was still in effect. Thus, I do not believe the issue will forever evade review unless this court addresses the issue in a case that is moot. It is only for this reason that I do not view it as proper to decide the merits of the instant cases under the exception to the mootness doctrine.