MATRIX FUNDING CORPORATION,
Plaintiff and Petitioner,

v.

AUDITING DIVISION OF the UTAH
STATE TAX COMMISSION,
Defendant and Respondent.

No. 940114.

Supreme Court of Utah.

Jan. 5, 1996.

Rehearing Denied March 19, 1996.

Don B. Allen, Bruce L. Olson, Katie A. Eccles, Salt Lake City, for amicus Utah Bankers Association.

Kevan Eyre, Bradley E. Morris, Salt Lake City, for amicus First Security Leasing Company.

## ON CERTIORARI TO THE UTAH COURT OF APPEALS

STEWART, Associate Chief Justice:

Matrix Funding Corporation petitions for review of a Utah Court of Appeals ruling affirming an advisory opinion of the Utah State Tax Commission. That opinion held that the Utah sales tax would apply to a proposed sale-leaseback transaction. We hold that passage of Utah Code Ann. § 59–12–102(13)(c) (Supp.1995) has rendered the question moot.

In May 1991, Matrix requested an advisory opinion from the Utah State Tax Commission as to whether the sales tax applied to a hypothetical sale-leaseback transaction between Matrix and a Utah customer. On December 16, 1992, the Commission issued a declaratory order holding that such a transaction would be subject to sales tax under Utah Code Ann. § 59–12–103(1)(k) (1992). On appeal, the Court of Appeals held that the arrangement amounted to a transfer of title constituting a sale and a subsequent

leaseback. Applying Utah Code Ann. §§ 59–12–102 to –103, the Court of Appeals affirmed the Commission's declaratory order that the proposed transaction would be subject to Utah sales tax. *Matrix Funding Corp. v. Utah State Tax Comm'n,* 868 P.2d 832, 833–34 (Utah Ct.App.1994). We granted certiorari to review that decision. However, because of an amendment to the tax code in 1995 dealing specifically with the taxability of sale-leaseback transactions, we hold that this case is moot.

■ As a matter of sound jurisprudential policy, courts refrain from adjudicating legal issues when the underlying case is moot. "A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." *Burkett v. Schwendiman,* 773 P.2d 42, 44 (Utah 1989); *see also Jones v. Schwendiman,* 721 P.2d 893, 894 (Utah 1986); *Black v. Alpha Fin. Corp.,* 656 P.2d 409, 410–11 (Utah 1982); *49th Street Galleria v. Tax Comm'n,* 860 P.2d 996, 998 n. 4 (Utah Ct.App.1993).

Matrix requested a declaratory order from the Tax Commission based on a proposed plan to enter into a sale-leaseback arrangement with an unspecified customer. The stated purpose of the arrangement was to provide security for a loan from Matrix. In the proceedings before the Commission and before the Court of Appeals, the parties stipulated that the issue related to a purely prospective arrangement. That status was reiterated in the briefs and at oral argument before this Court.

■ The hypothetical posture of a case does not, by itself, prevent us from reviewing an administrative declaratory order. Pursuant to the Utah Administrative Procedures Act, "[a] declaratory order has the same status and binding effect as any other order issued in an adjudicative proceeding." Utah Code Ann. § 63–46b–21(6)(d). For example, in *49th Street Galleria,* 860 P.2d at 998 n. 4, the Court of Appeals reviewed a ruling of the Tax Commission even though no tax was imposed because the question of whether tax liability would be incurred for similar activities in the future constituted a genuine controversy subject to adjudication.

■ However, effective July 1, 1995, the Legislature amended provisions of the tax code to specifically address the issue of whether sale-leaseback transactions were subject to the sales tax. *See* Utah Code Ann. § 59–12–102(13)(c) (Supp.1995). This provision applies to the type of sale-leaseback transaction at issue in this case. Neither the Tax Commission, nor the Court of Appeals in reviewing the decision of the Tax Commission, addressed the issue in light of the 1995 amendment because it had not yet been enacted. A decision by this Court addressing the hypothetical transaction presented to the Commission on the basis of the pre–1995 law could not decide the taxability of a future sale-leaseback transaction between Matrix and its customers. Thus, a decision by this Court could not affect any legal rights or duties of the parties and in a literal sense would be a meaningless judicial act. For that reason, we hold that the case is moot. *See Burkett v. Schwendiman,* 773 P.2d 42, 44 (Utah 1989).

ZIMMERMAN, C.J., HOWE and DURHAM, JJ., and BEN H. HADFIELD, District Judge, concur.

RUSSON, J., having disqualified himself, does not participate herein; BEN H. HADFIELD, District Judge, sat.