Barbara McRAE and Sumner J. Hatch, guardians ad litem for Kerrie McRae and Michael Bret Hatch, minors, Plaintiffs and Respondents,

v.

Raymond A. JACKSON, as Commissioner in the Department of Public Safety for the State of Utah, and Darrell H. Josie, Director of Drivers Education in the Board of Education, one of the subsidiary divisions of the Department of Public Safety for the State of Utah, Defendants and Appellants.

No. 13460.

Supreme Court of Utah.

Oct. 1, 1974.

Vernon B. Romney, Atty. Gen., Robert B. Hansen, Asst. Atty. Gen., Salt Lake City, for defendant and appellant.

Robert M. McRae, Salt Lake City, for plaintiffs and respondents.

CALLISTER, Chief Justice:

Pursuant to the provisions of Section 41–2–5, U.C.A.1953, the Department of Public Safety, Raymond A. Jackson, Commissioner, adopted Rules and Regulations for Commercial and Private Driver Education Schools, effective July 1, 1967. Part E(1) thereof in effect prohibited commercial and private education to persons under the age of 17 years. However, a high school student may take a driver education course furnished by the school and receive a driver's license upon attaining the age of 16.

Plaintiff minors, through their guardians ad litem, commenced an action in the nature of an extraordinary writ testing the validity of the Department's regulation as it pertained to them.[1] They petitioned the court for an order to show cause as to why they should not be permitted to take a pri-

1. This was not a class action. See plaintiffs' answers to interrogatories.

vate driver education course and become eligible to receive their driver's license upon the same terms and conditions applicable to those who availed themselves of the public-sponsored instruction.

After a hearing, the trial court entered its judgment declaring regulations (Part E(1) ) to be null and void as being contrary to the statutes of this state.

Defendants appealed this decision and have filed a brief in support thereof. The plaintiffs have not filed a brief but have advised the court, by letter, that a brief is not necessary inasmuch as the case is moot —they now having received their driver's licenses.[2]

Our main concern is whether or not the case is moot and, if so whether this court should retain jurisdiction and entertain the appeal.

Although no Utah case precisely in point has been found,[3] the general principle, to which we adhere, is stated in 5 Am.Jur.2d., Appeal and Error, § 761:

> The function of appellate courts, like that of courts generally, is not to give opinions on merely abstract or theoretical matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation, and it has been held that questions or cases which have become moot or academic are not a proper subject to review.

■ However, there are many cases, to some of which the defendants have referred to the effect that an appellate court may retain jurisdiction of an appeal, even though the cause is moot, if the matter involved is one of public interest.[4] The retention of such an appeal because of public interest herein is an exception to the general rule and the inclination of the courts is to refuse dismissal on this ground only under exceptional circumstances and where the public interest clearly appears. The matter rests generally in the discretion of the appellate court in each particular case.[5]

The issues of which the courts frequently retain jurisdiction because of the public interest involved, although the immediate issues may have become moot, are class actions, questions of constitutional interpretation, issues as to the validity or construction of a statute, or the propriety of administrative rulings.[6]

Defendants place a good deal of reliance upon the case of Roe v. Wade.[7] That case concerned the constitutionality of a Texas abortion statute. The Supreme Court held, among other things, that even if the matter had become moot because of the termination of plaintiff's pregnancy, nevertheless, the court would retain jurisdiction of the appeal because there was an issue "capable of repetition, yet evading review."[8]

■ It should be noted that the Roe case was a class action and involved a constitutional question.[9] In the instant case there is no class action and no constitutional question presented. The trial court merely found that the regulation was invalid under a statute. Furthermore, the

2. It is not ascertainable from the record as to the circumstances under which they were issued the licenses. The defendants, in their brief make the statement that plaintiffs had reached the age of 17 at the time of the hearing. This is obviously in error.

3. By dicta, this court in Manwill v. Oyler, 11 Utah 2d 433, 361 P.2d 177 (1961), held that an *interlocutory appeal would not be* entertained if the matter is moot; Kellch v. Westland Minerals Corp., 26 Utah 2d 42, 484 P.2d 726 (1971).

4. 132 A.L.R. p. 1186.

5. Id. at p. 1188.

6. 5 Am.Jur.2d, Appeal and Error, § 768.

7. 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

8. See Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911).

9. For an excellent discussion of the Roe and related questions see Justice Marshall's dissent in Richardson v. Ramirez, —— U.S. ——, 94 S.Ct. 2655, 41 L.Ed.2d 551 (1974). He wrote: "In each instance, the mere passage of time threatened to insulate a *constitutional deprivation from judicial review*, and it is that danger which served as the raison d'etre for rejecting suggestions of mootness." (Emphasis added.)

likelihood of repetition and evasion of review is not substantiated by the record.

Here, there is no actual controversy between the litigants at this time. The plaintiffs have no practical interest in any disposition that could now be made by this court. This appeal presents simply an abstract question of law which does not rest upon existing facts or rights. Therefore, this court must, in the exercise of its discretion, dismiss the appeal on the simple ground that the case has become moot and is not of sufficient public interest, regardless of whether the trial court erred or not.[10]

Appeal dismissed. No costs awarded.

HENRIOD, CROCKETT, ELLETT and TUCKETT, JJ., concur.

10. A recent case which substantiates this ruling is DeFunis v. Odegaard, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). See also Kellch v. Westland Minerals Corp., supra No. 3.