STATE of Utah, Plaintiff and Respondent,

v.

Jane STROMQUIST, Defendant and Appellant.

No. 17553.

Supreme Court of Utah.

Dec. 16, 1981.

David L. Wilkinson, Salt Lake City, for State.

Brian M. Barnard, Salt Lake City, for Stromquist.

PER CURIAM:

The defendant in this case was charged in the circuit court with "disturbing an official meeting" under U.C.A., 1953, 76–8–304(1). She was found guilty and placed on retroactive probation. Probation having been satisfactorily fulfilled as of the time it was imposed, the court then dismissed the case.

The case was appealed to the district court on the ground the statute involved was unconstitutional for vagueness, which point also had been urged in the circuit court.[1] The district court dismissed the appeal on the grounds the issue raised was moot, relying on our recent pronouncement in *Maxwell v. Gibson*.[2] We agree that the appeal to the district court was moot. Here defendant's sentence was not only satisfied prior to the appeal, as in *Maxwell v. Gibson*, but the case against defendant was entirely dismissed. As a result of that dismissal, the case is moot because "there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction," *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968), and "the requested judicial relief cannot affect the rights of the litigants . . ." *Duran v. Morris*, Utah, 635 P.2d 43, 45 (1981).

The defendant's abortive appeal to this Court can and does request only an opinion of this Court as to the validity of a statute in which the defendant has no further interest as it applies to the history of *this* case. This Court was not intended to be, nor is it endowed with authority to render advisory opinions, and has said so many times.[3]

We therefore dismiss this appeal.

Stewart, J., dissents.

---

1. Where "constitutionality" of a statute is an issue at the city court or justice of the peace level, such an issue is an exception under Art. VIII, § 9, Utah Constitution, to an otherwise prohibition of appeal from such lower court to this Court.

2. Utah, 578 P.2d 7 (1978).

3. See e.g. *Baird v. State*, Utah, 574 P.2d 713 (1978) and cases cited therein.