Ferris E. **MERHISH** and Case V. Wyngard, Plaintiffs and Appellants,

v.

**H. A. FOLSOM & ASSOCIATES**, a Utah corporation, Defendant and Respondent.

No. 17720.

Supreme Court of Utah.

May 10, 1982.

OAKS, Justice:

This contest over the enforcement of a wage payment award by the Industrial Commission must now be dismissed as moot.

Respondent employed appellants as sales representatives. When a dispute over sales commissions arose, the two appellants obtained an award from the Industrial Commission against respondent for a total of $10,117.39. U.C.A., 1953, § 34–28–9 (Supp.1981). Appellants thereupon filed and docketed the Commission's order in district court, garnished respondent's bank account, and obtained payment in full. Shortly thereafter, on April 2, 1981, appellants filed a satisfaction of judgment in the district court.

On April 13, 1981, respondent filed a motion in the district court seeking (1) a ruling that the Industrial Commission's order was void for want of jurisdiction and of no effect as a lien upon respondent's real property,[1] and (2) an order that the writ of garnishment be vacated.[2] The district court entered an order granting the requested relief, from which this appeal was taken.

The strong judicial policy against giving advisory opinions dictates that courts refrain from adjudicating moot questions. *State v. Stromquist*, Utah, 639 P.2d 171 (1981); *Hoyle v. Monson*, Utah, 606 P.2d 240 (1980). The extraordinary circumstances that occasionally provide an exception to the mootness rule, *see Wickham v. Fisher*, Utah, 629 P.2d 896 (1981), are clearly absent in this case.

As this Court held in *Duran v. Morris*, Utah, 635 P.2d 43, 45 (1981), "If the requested judicial relief cannot affect the rights of the litigants, the case is moot and a court will normally refrain from adjudicating it on the merits." That rule governs this case. Once the wage payment award was satisfied in full, respondent's motion to vacate the writ of garnishment and rule

George H. Searle, Salt Lake City, for plaintiffs and appellants.

Robert W. Jensen, Mark A. Kennedy, Salt Lake City, for defendant and respondent.

1. *See* U.C.A., 1953, § 34–28–13; *Action Electric Co. v. Industrial Commission*, Utah, 636 P.2d 474, 477 (1981).

2. Respondent also commenced an independent civil action against appellants for return of the money garnished and paid under the Commission's order and for an adjudication of what amount, if any, respondent owes appellants.

that the docketed award was not a lien upon respondent's real property was moot.[3]

■ Once a controversy has become moot, a trial court should enter an order of dismissal. We affirmed such orders in *Spain v. Stewart*, Utah, 639 P.2d 166 (1981), and in *State v. Stromquist, supra.*

■ If a case becomes moot after a timely appeal has been filed from a lower court order (other than dismissal or unexplained denial of relief), that order should not be left standing to affect subsequent proceedings or rights of the parties. 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* 292–94 (1975). The same is true of a lower court order erroneously entered after a matter has become moot. *Murphy v. Hunt*, —— U.S. ——, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). In either case, as the cited authorities show, the appropriate action for an appellate court is to vacate the order of the lower court and remand the case with instructions to dismiss.

Without expressing approval or disapproval of the legal conclusions contained in the district court's order in this case, we therefore vacate that order and remand the case with instructions to dismiss respondent's motion as moot. No costs awarded.

*So ordered.*

HALL, C. J., and STEWART, HOWE and DURHAM, JJ., concur.

3. The parties apparently have a continuing controversy over the validity or invalidity of the Industrial Commission's order which the district court's order declared invalid. Note 2 *supra.* However, the possible collateral effect of the district court's order in this case does not prevent this controversy from being rendered moot when the only specific relief sought in this case, which concerned the lien and the garnishment, has been satisfied by payment.

This was not a suit for a declaratory judgment. The issues presented by respondent's motion could not be the subject of a suit for declaratory judgment, U.C.A., 1953, § 78–33–2; *Crofts v. Crofts*, 21 Utah 2d 332, 445 P.2d 701 (1968), especially where a statute provides for an appeal from the action of this administrative agency. *Baird v. State*, Utah, 574 P.2d 713, 718 (1978). Moreover, notwithstanding its broad terms, the declaratory judgment legislation is still subject to the requirements of justiciability, including mootness. *Baird v. State, supra; Crofts v. Crofts, supra; Backman v. Salt Lake County*, 13 Utah 2d 412, 416, 375 P.2d 756, 758–59 (1962).