**Michael Jon REYNOLDS, Plaintiff and Appellant,**

v.

**Jennifer Franks REYNOLDS, Defendant and Respondent.**

No. 880420–CA.

Court of Appeals of Utah.

March 6, 1990.

Mitchell R. Barker, Evan R. Hurst, and David C. Cundick, Salt Lake City, for plaintiff and appellant.

David S. Dolowitz, Michael S. Evans, and Julie A. Bryan, Salt Lake City, for defendant and respondent.

Before BENCH, GREENWOOD and JACKSON, JJ.

BENCH, Judge:

Appellant seeks to have this court define the rights of a father when the mother of his unborn child has decided to have a clinical abortion. We dismiss the appeal as moot.

Because the procedural posture of this appeal dictates its disposition, we begin our analysis with a brief summary of the procedural history of the case.

In March 1988, appellant Michael Jon Reynolds filed for divorce from respondent Jennifer Franks Reynolds, his wife of seventeen months. The parties had one child and were expecting another in August or September of 1988. In his divorce complaint, appellant alleged that respondent intended to abort their unborn child, and moved ex parte for a temporary restraining order to prevent the abortion. Appellant represented that the pregnancy posed no extraordinary risks to respondent's health, and sought custody of the unborn child. The district court granted the temporary order and it was served on respondent on the day she was scheduled to undergo the abortion.

Respondent counterclaimed. Because she was still within the first trimester of pregnancy, respondent argued that the restraining order violated her constitutionally protected right to privacy under *Roe v.*

*Wade*, 410 U.S. 113, 153, 93 S.Ct. 705, 726, 35 L.Ed.2d 147 (1972), *reh'g denied*, 410 U.S. 959, 93 S.Ct. 1409, 35 L.Ed.2d 694 (1973), and should be vacated. Respondent also cited *Planned Parenthood of Cent. Mo. v. Danforth*, 428 U.S. 52, 69, 96 S.Ct. 2831, 2841, 49 L.Ed.2d 788 (1976), for the proposition that neither the father of an unborn child nor the mother's spouse can unilaterally veto the decision of the mother and her physician to terminate pregnancy.

Following hearing and argument, the district court declined to grant a preliminary injunction and dismissed the temporary restraining order then in effect. Appellant immediately applied to this court for a temporary restraining order and an interlocutory appeal. We granted the temporary restraining order and set the matter for hearing. Shortly after the order was issued, but before it could be served, respondent underwent the abortion. The hearing in this court was then vacated and appellant's petition for an interlocutory appeal was denied. We concluded that an interlocutory appeal was inappropriate under the circumstances. *See* R.Utah Ct.App. 5(d).

Appellant subsequently asked the district court to certify the abortion order as a final, appealable judgment under rule 54(b) of the Utah Rules of Civil Procedure, and to bifurcate the remainder of the case. The district court granted the motion and certified the issue for appeal. The remainder of the case, consisting of the divorce action, was eventually settled, and a judgment of divorce was entered.

Meanwhile, appellant appealed the abortion issue certified under rule 54(b). Respondent moved to dismiss the appeal on two grounds: (1) the case was not properly certified as final for purposes of appeal, and (2) the appeal was untimely filed. Under the unique circumstances of the case, we determined that the procedural requirements for certification had been satisfied and that the denial of the preliminary injunction conclusively resolved a distinct claim, to wit, appellant's claim for "custody of the fetus." On the basis of the two narrow grounds asserted in support of respondent's motion to dismiss, we denied the motion.

Respondent did not, and still does not, argue that the appeal fails to present a justiciable issue for resolution. Yet appellant seeks judicial relief which now cannot possibly affect the rights of the litigants. Respondent's pregnancy was medically terminated even before the notice of appeal was filed. Since then, the divorce action has concluded, and there is no remaining controversy between the parties. The issue presented for review is therefore moot. *See Burkett v. Schwendiman*, 773 P.2d 42, 44 (Utah 1989); *Duran v. Morris*, 635 P.2d 43, 45 (Utah 1981).

Because of a longstanding judicial policy in Utah to avoid advisory opinions, we do not generally consider mooted questions on appeal. *Merhish v. H.A. Folsom & Assocs.*, 646 P.2d 731, 732 (Utah 1982); *State v. Stromquist*, 639 P.2d 171, 172 (Utah 1981); *Hoyle v. Monson*, 606 P.2d 240, 242 (Utah 1980); *see also RLR v. State*, 487 P.2d 27, 45 (Alaska 1971) (mootness a matter of judicial policy, not constitutional law); *cf.* Note, *The Mootness Doctrine in the Supreme Court*, 88 Harv.L.Rev. 373 (1974) (mootness is a matter of constitutional law in federal courts under the "case or controversy" requirement of article III).

> The function of appellate courts, like that of courts generally, is not to give opinions on merely abstract or theoretical matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation, and it has been held that questions or cases which have become moot or academic are not a proper subject to review.

*McRae v. Jackson*, 526 P.2d 1190, 1191 (Utah 1974) (quoting 5 Am.Jur.2d *Appeal and Error* § 761); *see also Black v. Alpha Fin. Corp.*, 656 P.2d 409, 410 (Utah 1982); *Baird v. State*, 574 P.2d 713, 715 (Utah 1978). "Once a controversy has become moot, a trial court should enter an order of dismissal." *See Merhish*, 646 P.2d at 733.

Appellant cites *In re J.P.*, 648 P.2d 1364 (Utah 1982), in support of his contention that we should reach the merits of his

appeal despite the dictates of the mootness doctrine:

> [A] court [may] litigate an issue which, although technically moot as to a particular litigant at the time of appeal, *is of wide concern, affects the public interest, is likely to recur in a similar manner,* and, because of the brief time any one person is affected, would otherwise likely escape judicial review. . . .

*Id.* at 1371 (quoting *Wickham v. Fisher,* 629 P.2d 896, 899 (Utah 1981)); *see also Burkett,* 773 P.2d at 44.

In addition to those cases "capable of repetition, yet evading review," *see Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911); *Society of Professional Journalists v. Bullock,* 743 P.2d 1166, 1169 (Utah 1987); *Kearns–Tribune Corp. v. Lewis,* 685 P.2d 515, 518 (Utah 1984); *KUTV, Inc. v. Conder,* 668 P.2d 513, 516 (Utah 1983), other exceptions to the mootness doctrine include cases which "may produce irreparable injury if not decided immediately," *J.P.,* 648 P.2d at 1371 (quoting *Diffenderfer v. Central Baptist Church of Miami, Florida, Inc.,* 404 U.S. 412, 414, 92 S.Ct. 574, 575, 30 L.Ed.2d 567 (1971)), or where controversy continues to exist even after the issue has become moot for the litigants. *See Carroll v. President & Comm'rs of Princess Anne,* 393 U.S. 175, 178–79, 89 S.Ct. 347, 350–51, 21 L.Ed.2d 325 (1968); *Wickham,* 629 P.2d at 900.

However, whether we reach the merits of a mooted issue in any particular case rests within our discretion. *McRae,* 526 P.2d at 1191. Where an exception to the mootness doctrine is present, courts historically have exercised this discretionary authority in "class actions, questions of constitutional interpretation, issues as to the validity or construction of a statute, or the propriety of administrative rulings." *Id.; see, e.g., DeFunis v. Odegaard,* 416 U.S. 312, 317, 94 S.Ct. 1704, 1706, 40 L.Ed.2d 164 (1974) (not a class action, Court did not

reach merits); *Brockington v. Rhodes,* 396 U.S. 41, 43, 90 S.Ct. 206, 207, 24 L.Ed.2d 209 (1969) (not a class action or declaratory judgment, Court did not reach merits); *McRae,* 526 P.2d at 1191 (distinguishing *Roe,* a class action); *Kehl v. Schwendiman,* 735 P.2d 413, 415 (Utah Ct.App.1987) (challenge to administrative ruling, merits addressed); *Cypert v. Washington County School Dist.,* 24 Utah 2d 419, 422, 473 P.2d 887, 888 (1970) (class action challenging bond election, merits addressed).

This appeal derives not from a declaratory judgment, but from a complaint for divorce. *Cf. Baird,* 574 P.2d at 715; *Lyon v. Bateman,* 119 Utah 434, 439, 228 P.2d 818, 820 (1951). No statute or administrative ruling is at issue, and now that respondent's pregnancy has been terminated, we are unaware of any immediate irreparable injury. Public interest in the issue framed for review may indeed be high and widespread, but no class action has been alleged or pleaded. In the absence of a justiciable controversy, we decline to address the merits of appellant's claim.

Appeal dismissed sua sponte.[1]

---

1. The procedure to be followed when a matter has become moot and then an order is erroneously entered is to vacate the order and remand for dismissal. *See Merhish,* 646 P.2d at 733. In this case, we merely dismiss the appeal since

there is little possibility that the denial of appellant's motion for preliminary injunction could affect "subsequent proceedings or rights of the parties." *Cullimore v. Schwendiman,* 652 P.2d 915, 916 (Utah 1982).