**2013 UT App 17**

# THE UTAH COURT OF APPEALS

CAGIE FEATHERSON,

*Petitioner and Appellant,*

*v.*

UTAH BOARD OF PARDONS & PAROLE AND
CLARK HARMS,

*Respondents and Appellees.*

Per Curiam Decision
No. 20111110-CA
Filed January 25, 2013

Third District, Salt Lake Department
The Honorable Kate A. Toomey
No. 110909848

Cagie Featherson, Appellant Pro Se
John E. Swallow and Nancy L. Kemp, Attorneys for Appellee

Before JUDGES ORME, THORNE, and CHRISTIANSEN.

PER CURIAM:

¶1    Cagie Featherson appeals the denial of his petition for extraordinary relief, which sought to challenge the decision of the Utah Board of Pardons and Parole denying him parole. This matter is before the court on the Board's motion to dismiss based upon mootness. After receiving the motion, Featherson dismissed his counsel and filed a pro se response to the motion.

¶2    Featherson asserted in his opening brief that he was denied due process because the Board relied on an outdated risk assessment when making its decision. Specifically, a newer risk assess-

ment had been prepared that placed Featherson in a slightly decreased risk category. Accordingly, he requested that this court direct the Board "to conduct a new parole hearing based upon all accurate and current information available." In response, the Board conducted a special attention hearing on September 18, 2012, in order to reconsider the case in light of the more recent assessment. At the hearing, the Board "considered all historic and current material, including memorandum and other submissions by Mr. Featherson's current counsel, as well as all reports from Prison staff and . . . Sex Offender Treatment personnel." After considering this new information, the Board issued a new decision determining that Featherson "shall remain incarcerated until the maximum period of his sentence has been reached, in this case, for the remainder of his life."

¶3     "An issue on appeal is considered moot when the requested judicial relief cannot affect the rights of the litigants. When an issue is moot, judicial policy dictates against our rendering an advisory opinion." *State v. Sims*, 881 P.2d 840, 841 (Utah 1998) (citation and internal quotation marks omitted). In his brief Featherson requested a new hearing based on the new risk assessment. He has received this hearing. Therefore, because the Board has already provided Featherson with the relief he sought in this court, this court can no longer issue judicial relief that can affect the rights of the litigants with respect to the issue of a new hearing.

¶4     Featherson also alleges that the Board exceeded its authority by determining that Featherson "shall remain incarcerated until the maximum period of his sentence has been reached, in this case, for the remainder of his life." He complains this is tantamount to sentencing Featherson to life in prison without the possibility of parole. However, this court recently resolved this exact issue. *See Kelly v. Board of Pardons*, 2012 UT App 279, 288 P.3d 39 (per curiam). In *Kelly*, we determined that because the Board "merely exercises its constitutional authority to commute or terminate an indeterminate sentence that, but for the Board's discretion, would run until the maximum period is reached," the Board's decision to allow a

sentence of life to run to its conclusion is within the discretion of the Board. *Id.* ¶ 4. Thus, the Board did not abuse its discretion in determining that it would not shorten the maximum term of Featherson's sentence.

¶5     Dismissed as moot, in part, and affirmed, in part.

———————————