**2016 UT App 119**

## THE UTAH COURT OF APPEALS

BRET MCCAMMON,
Appellant,
*v.*
BOARD OF PARDONS AND PAROLE,
Appellee.

Per Curiam Decision
No. 20160185-CA
Filed June 3, 2016

Third District Court, Salt Lake Department
The Honorable Todd M. Shaughnessy
No. 150905928

Bret McCammon, Appellant Pro Se

Sean D. Reyes and Brent A. Burnett, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
STEPHEN L. ROTH.

PER CURIAM:

¶1      Bret McCammon appeals a summary judgment on his post-conviction petition seeking relief under rule 65B(d) of the Utah Rules of Civil Procedure from a decision of the Utah Board of Pardons and Parole. This case is before the court on a sua sponte motion for summary disposition. We affirm.

¶2      Following 1998 convictions on two counts of first degree felony sodomy on a child, the district court sentenced McCammon to consecutive prison terms of ten years to life.[1]

---

1. When McCammon was sentenced, Utah Code section 76-5-403.1(2) provided that sodomy on a child was a first degree

(continued…)

In his post-conviction petition, McCammon claimed that the Board exceeded its authority by denying him a parole date and requiring him to "expire" his potential life sentences. McCammon claimed that at his sentencing hearing, the sentencing judge said, "Mr. McCammon, you will be an old man of 62 when you are let out of prison." McCammon alleged that this statement set his maximum imprisonment at twenty years and that by denying him a parole date and requiring him to serve a life sentence, the Board exceeded its authority. McCammon also claimed that the Board improperly used information that had been obtained during the presentence investigation in his criminal case and therefore violated double jeopardy guarantees. Finally, McCammon claimed that the Board denied his attempts to show the Board his good character. The post-conviction court granted summary judgment to the Board on these claims, and McCammon appealed.

¶3     To the extent that McCammon again asserts that the Board exceeded its authority when it required him to expire his life sentences, he fails to raise a substantial question for review. *See Kelly v. Board of Pardons*, 2012 UT App 279, ¶ 3, 288 P.3d 39 (per curiam). Even assuming the district court made the quoted statement at sentencing, that statement simply referenced the minimum mandatory prison term that McCammon was required to serve before he would be eligible to be considered for release on parole. The district court's statement could not alter the Board's statutory authority to determine both whether an inmate will be released on parole and any parole conditions. *See* Utah Code Ann. § 77-27-5(1)(a) (LexisNexis 2012).

---

(…continued)
felony punishable by a mandatory prison term of six, ten, or fifteen years "and which may be for life." Utah Code Ann. § 76-5-403.1 (Lexis 1999).

¶4      "[W]hile the courts have the power to sentence, the Board has been given the power to pardon and parole. These are two separate and distinct powers, neither of which invades the province of the other." *Padilla v. Board of Pardons & Parole*, 947 P.2d 664, 669 (Utah 1997). "[S]o long as the period of incarceration decided upon by the [Board] falls within an inmate's applicable indeterminate range . . . then that decision, absent unusual circumstances, cannot be arbitrary and capricious." *Preece v. House*, 886 P.2d 508, 512 (Utah 1994). In setting or denying parole, "the Board merely exercises its constitutional authority to commute or terminate an indeterminate sentence that, but for the Board's discretion, would run until the maximum period is reached." *Padilla*, 947 P.2d at 669. In this case, the Board exercised its discretion in deciding not to grant McCammon parole and requiring him to serve the maximum term of life in prison. That decision did not exceed the Board's statutory authority. Furthermore, the Board's decisions "are final and are not subject to judicial review." Utah Code Ann. § 77-27-5(3). Courts do not "sit as a panel of review on the result, absent some other constitutional claim." *Lancaster v. Board of Pardons*, 869 P.2d 945, 947 (Utah 1994).

¶5      McCammon next contends that the Board improperly used information contained in the presentence investigation report (PSI) because this information had been used at sentencing. He claims that the Board's consideration of this material violated double jeopardy. The Board's consideration of the PSI and other information from the criminal case record was appropriate. Consideration of this material also did not violate double jeopardy because McCammon was not thereby subjected to multiple punishments. *See Monson v. Carver*, 928 P.2d 1017, 1026 (Utah 1996) (stating that a parole proceeding did not violate the prohibition against double jeopardy because it did not expose a defendant to multiple punishments for the same crime). To the extent that McCammon claims that the PSI contained inaccurate information, he must have raised any inaccuracies at sentencing to allow them to be resolved by the sentencing court.

*See* Utah Code Ann. § 77-18-1(6)(a) (LexisNexis Supp. 2014). "If a party fails to challenge the accuracy of the [PSI] at the time of sentencing, that matter shall be considered to be waived." *Id.* § 77-18-1(6)(b).

¶6     The post-conviction court also correctly ruled that the Board did not deprive McCammon of due process.

> [T]wo due process requirements must be met in parole grant hearings. First, an inmate must receive adequate notice to prepare for a parole hearing. Second, an inmate must receive copies or a summary of the information in the Board's file upon which the board will rely in deciding whether to grant parole.

*Peterson v. Board of Pardons*, 931 P.2d 147, 150 (Utah Ct. App. 1997) (citation omitted). McCammon did not claim in his post-conviction petition that the Board violated these due process requirements. However, McCammon claims for the first time on appeal that he was not provided with a copy of a letter to the Board from his ex-wife. This claim was not presented to the district court for determination. Therefore, it will not be considered on appeal. *See 438 Main Street v. Easy Street, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 ("[I]n order to preserve an issue for appeal[,} the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." (alternations in original) (citation and internal quotation marks omitted)). In addition, McCammon did not file a response to the Board's summary judgment motion to dispute the Board's representation that the due process requirements were satisfied. Finally, McCammon's claim that he was not allowed access to a volunteer who might have provided a favorable character reference does not rise to the level of a due process violation.

¶7     Affirmed.

_____