2016 UT App 150

# THE UTAH COURT OF APPEALS

PABLO VINCENTE PADILLA,
Appellant,
*v.*
BOARD OF PARDONS AND PAROLE,
Appellee.

Per Curiam Decision
No. 20160400-CA
Filed July 21, 2016

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 150908865

Pablo Vicente Padilla, Appellant Pro Se

Sean D. Reyes and Amanda N. Montague, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
STEPHEN L. ROTH.

PER CURIAM:

¶1     Pablo Vincente Padilla appeals a summary judgment on his petition seeking extraordinary relief under rule 65B(d) of the Utah Rules of Civil Procedure from a decision of the Utah Board of Pardons and Parole. This case is before the court on a sua sponte motion for summary disposition. We affirm.

¶2     Following his 2008 convictions, based upon guilty pleas to child abuse/neglect and child abuse involving physical injury, both second degree felonies, the district court sentenced Padilla to concurrent prison terms of one-to-fifteen years. Padilla was released on parole in September 2014. In March 2015, the Board initiated parole revocation proceedings. At an April 15, 2015 hearing before the Board, Padilla appeared with counsel. He

acknowledged that he had received and reviewed the packet of materials provided by the Board, which contained all records that the Board had received since its last hearing on his case. Padilla also confirmed that he had conferred with counsel and was ready to proceed. After being advised of the rights that he would be giving up if he admitted to violating the terms of his parole, Padilla admitted that he violated his parole agreement by failing to complete the halfway house sex offender program. Based upon his admission, the Board revoked Padilla's parole. The Board then determined that Padilla would not be granted another opportunity for parole and would remain incarcerated for the entire fifteen-year term of his sentence. The Board also stated that it would consider an earlier release if Padilla entered and showed progress in therapy or completed the specific programming for his case.

¶3      In his petition, Padilla challenged the Board's decisions to revoke his parole and require him to serve his entire sentence. Padilla claimed that the Board improperly considered information on charges that were dismissed or amended in connection with the plea agreement in his criminal case. Padilla also claimed that the Board abused its authority by keeping him in prison for the entire fifteen-year term of his sentence. The post-conviction court granted summary judgment to the Board, and Padilla appeals that decision.

¶4      To the extent that Padilla claims that the Board abused its authority when it denied him another opportunity for parole and instead required him to complete his fifteen-year sentence, he fails to raise a substantial question for review. *See Kelly v. Board of Pardons*, 2012 UT App 279, ¶ 3, 288 P.3d 39 (per curiam). The Board has statutory authority to determine whether an inmate will be released on parole and any parole conditions. *See* Utah Code Ann. § 77-27-5(1)(a) (LexisNexis 2012). "[W]hile the courts have the power to sentence, the Board has been given the power to pardon and parole. These are two separate and distinct

powers, neither of which invades the province of the other." *Padilla v. Board of Pardons & Parole*, 947 P.2d 664, 669 (Utah 1997). "[S]o long as the period of incarceration decided upon by the [Board] falls within an inmate's applicable indeterminate range . . . then that decision, absent unusual circumstances, cannot be arbitrary and capricious." *Preece v. House*, 886 P.2d 508, 512 (Utah 1994). In setting or denying parole, "the Board merely exercises its constitutional authority to commute or terminate an indeterminate sentence that, but for the Board's discretion, would run until the maximum period is reached." *Padilla*, 947 P.2d at 669. Furthermore, the Board's decisions "are final and are not subject to judicial review." Utah Code Ann. § 77-27-5(3). Courts do not "sit as a panel of review on the result, absent some other constitutional claim." *Lancaster v. Board of Pardons*, 869 P.2d 945, 947 (Utah 1994).

¶5     Because Padilla admitted that he violated the terms of his parole, the district court correctly determined that the Board was legally entitled to revoke Padilla's parole. To the extent that Padilla argues that the Board improperly required him to engage in sex offender programs while on parole, he waived that claim when he admitted the allegation that he violated parole by failing to satisfy that parole condition. In this case, the Board exercised its discretion in deciding not to grant Padilla another opportunity for parole and requiring him to serve the maximum prison term. That decision did not exceed the Board's statutory authority.

¶6     Padilla next claims that the Board improperly considered information about charges that were dismissed or amended in connection with his guilty plea and is keeping him incarcerated only because Board members believe he committed other crimes. However, as previously noted, judicial review is not available to consider the Board's substantive decision to require Padilla to complete his sentence. Furthermore, it is within the Board's discretion to rely on any factors known, or later adduced, and to

determine the weight afforded such factors in making its parole decisions. *Northern v. Barnes*, 825 P.2d 696, 699 (Utah Ct. App. 1992). The Board also persuasively argues that any guidance it provided to Padilla about what factors might persuade it to reconsider its decision, such as completion of therapy, did not result in a violation of his constitutional rights.

¶7    Affirmed.

———————